**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JACK GILLETTE,**

                              **Plaintiff,**

    vs.                                           **1:14-CV-560
                                                      (MAD/TWD)**

**COUNTY OF WARREN,**

                              **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**BRENNAN & WHITE, LLP**             **DANIEL J. STEWART, ESQ.**
163 Haviland Road
Queensbury, New York 12804
Attorneys for Plaintiff

**LEMIRE, JOHNSON & HIGGINS, LLC**   **GREGG T. JOHNSON, ESQ.**
P.O. Box 2485                                  **APRIL J. LAWS, ESQ.**
2534 Route 9
Malta, New York 12020
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action under 42 U.S.C. § 1983, alleging that Defendant deprived him of certain property interests in violation of his constitutional rights. *See* Dkt. No. 1. Currently before the Court is Defendant's motion to dismiss. *See* Dkt. No. 16-1.

### II. BACKGROUND

    This lawsuit, which was commenced on May 12, 2014, asserts four causes of action arising out of Defendant's alleged intentional interference and confiscation of Plaintiff's property.

*See* Dkt. No. 1 at ¶¶ 4-24. Plaintiff is the owner of the Magic Forest Amusement Park, which is located on State Route 9 and Bloody Pond Road in the County of Warrant, State of New York. *See id.* at ¶ 4. The property is approximately twenty acres, including parcels 59-4, 59-5, and a purported 4 rod right-of-way known as Old Military Road.

According to Plaintiff, he began to have issues with Defendant when he voiced his objection to the use of motorized vehicles, *i.e.*, snowmobiles, on the Warren County Bike Path, especially as it crossed his property. *See* Dkt. No. 21-6. Plaintiff claims that he was then subjected to unrelenting scrutiny, which culminated in officials from Warren County entering onto his property and removing large boulders that they claimed were in the County's right-of-way. *See id.*; *see also* Dkt. No. 1. In doing this, the County officials also allegedly dismantled some Magic Forest gates and cut electrical wires to the Magic Forest sign. Dkt. No. 21-6 at 4. Around the same time, on May 13, 2012, Plaintiff was arrested on a charge that he violated section 1115A of the Vehicle & Traffic Law by moving some traffic barrels located near Bloody Pond Road. This charge was dismissed on May 22, 2013.

Prior to commencement of this federal lawsuit, Plaintiff began a state-court action "in order to obtain a judicial determination of settling the ownership of the property in question." That state court action is still pending, and is being actively litigated.

Plaintiff's Amended Verified Complaint in the state-court action alleges two causes of action, which seek relief against Defendant regarding a dispute of ownership "of real property situated at the northeastern quadrant of the intersection of Bloody Pond Road (a.k.a. CR 59) and State Route 9 in the Town of Lake George, County of Warren, State of New York. The property is identified as Tax Map Parcel #277.2-1-25." Dkt. No. 16-3 at ¶ 2. Plaintiff's first cause of action in the state-court action claims that Defendant "unjustly and wrongly claims or has claimed

interests in the property." *Id.* at ¶ 7. Moreover, Plaintiff claims that Defendant "prevented plaintiff from taking unencumbered possession of the property[,]" encouraged trespass upon the property by representing to the public that snowmobiles are free to use the property[,]" and "[o]n May 15, 2012, . . . removed personal property . . . without plaintiff's permission." *Id.* at ¶¶ 9, 13, 17.

Plaintiff's second cause of action in the state-court proceeding alleges that, sometime during the 1970's, Plaintiff gave Defendant a "verbal license . . . for a bikeway to encroach upon his property . . . upon the defendant's promise that no motorized vehicles, including snowmobiles or motorcycles, would be allowed use of the bikeway." *Id.* at ¶ 26. Plaintiff also alleges that, "[u]pon construction . . . of its bikeway in 1977 or 1978, defendants . . . placed thousands of yards of fill upon plaintiff's property pursuant to the verbal licenses." *Id.* at ¶ 27. Thereafter, Plaintiff asserts that on November 9, 2011, Defendant "changed its local law to allow snowmobiles on the bikeway" and that, on January 25, 2012, Plaintiff withdrew "the license for defendant to encroach its fill upon plaintiff's property." *Id.* at ¶¶ 28-29. Finally, Plaintiff alleges that Defendant's continuing trespass on his property continues to cause him damage. *See id.* at ¶ 30.

On November 27, 2013, Judge Muller, Supreme Court Justice for Warren County, decided a motion to dismiss brought by Defendant. *See* Dkt. No. 21-4 at 1-15. The court ruled that Plaintiff had properly stated a cause of action under New York Real Property Law Article 15, and had produced deeds which established his ownership to the disputed property. *See id.* at 4-5. Further, Judge Muller granted Defendant's motion for summary judgment with regard to a particular parcel of land, parcel 59-3, which Plaintiff himself conceded was owned by Warren County as a result of a deed dated January 18, 1965. *See id.* at 5-6. As to all the other parcels, the court rejected Defendant's motion for summary judgment, and specifically rejected

Defendant's claim that it could assert ownership merely because it had filed an appropriations map. *See id.* at 6-8.

In Plaintiff's federal complaint, he admits that the property's "ownership is currently the subject of a New York Real Property Actions and Proceedings Law Article 15 action to clear title in Supreme Court, State of New York, Warrant County (Muller, J.)." Dkt. No. 1 at ¶ 6. the federal complaint claims that Plaintiff's constitutional rights were violated as he was "deprived of his property without due process of law." *Id.* at ¶¶ 14, 17 and 20.

In the federal action, Plaintiff's first cause of action alleged that Defendant "has prevented plaintiff from taking unencumbered possession of the property[,]" as Defendant "claims some right, title or interest in the property and which is or may be a cloud on the title of the premises." *Id.* at ¶¶ 9, 11. Plaintiff also alleges that Defendant "has encouraged trespass upon the property[,]" and by doing so, has "damaged plaintiff by violating his rights guaranteed by the Fifth Amendment[.]" *Id.* at ¶¶ 13-14.

Plaintiff's second cause of action in the federal lawsuit alleges that Defendant "entered upon plaintiff's property on May 15, 2012" in violation of Plaintiff's "rights guaranteed by the Constitution of the United States[.]" *Id.* at ¶¶ 16-17. Plaintiff's third cause of action alleges that Defendant "removed plaintiff's personal property from plaintiff's premises without plaintiff's permission, justification or any process of law[,]" in violation of his constitutional rights. *See id.* at ¶¶ 19-20. Finally, in his fourth cause of action in the federal lawsuit, Plaintiff seeks an award of "all attorney fees and costs associated with" the state court action." *Id.* at ¶¶ 22-24.

In its motion to dismiss, Defendant contends that the Court should dismiss this action for lack of subject matter jurisdiction as mandated under the *Younger* abstention doctrine. *See* Dkt. No. 16-1 at 8. Defendant asserts that "[d]ismissal of plaintiff's action here will ensure that the

state court will be able to consider this property case, as well as any constitutional (or other challenges) plaintiff wishes to make there." *Id.* Alternatively, Defendant contends that, "should this Court exercise its jurisdiction, the portion of plaintiff's federal Complaint as it pertains to Parcel 59-3 must be dismissed on *res judicata* and collateral estoppel grounds." *Id.* Finally, Defendant argues that, "should this Court exercise its jurisdiction, the federal complaint must be dismissed as a matter of law, as it fails to state a claim for which relief can be granted." *Id.*

In response, Plaintiff contends that Defendant's motion should be denied, but asserts that this action should be stayed pending resolution of the state-court action. *See* Dkt. No. 21-9 at 4. Plaintiff agrees with Defendant's argument that this action should await conclusion of the state-court action, but argues that a stay is within the Court's power, *i.e.*, dismissal is not required. *See id.* at 4-5. Further, Plaintiff contends that the complaint states valid and timely section 1983 claims and that, if the Court disagrees, it should permit Plaintiff to amend its complaint. *See id.* at 6-8.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading , the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the

6

pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

**B.**   ***Younger* Abstention**

Federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264, 404, 5 L .Ed. 257 (1821). *Younger* recognized a limited exception to this general rule, holding that federal courts should abstain from exercising jurisdiction over suits to enjoin pending state criminal proceedings, absent a showing of bad faith, harassment, or a patently invalid state statute. *Younger v. Harris*, 401 U.S. 37, 53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Although *Younger* itself dealt only with a pending criminal proceeding, "*Younger* abstention has been extended to civil proceedings and state administrative proceedings, so long as the state court has a means of reviewing constitutional claims." *Cecos International, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990) (citations omitted).

"In the paradigm situation calling for *Younger* restraint, the state defendant brings a federal action challenging the statute [which is simultaneously being applied against him]." *Fernández v. Trías Monge*, 586 F.2d 848, 851 (1st Cir. 1978); *see e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (federal plaintiff seeking to enjoin state plaintiff from enforcing judgment against him); *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (federal plaintiffs seeking to enjoin state proceedings against them for child abuse). As noted by the Sixth Circuit, "*Younger* cases generally have a common procedural posture." *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010). "'In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings.'" *Id.* at 894-95 (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir.1984)).

*Younger* is not based upon an Article III requirement, but instead is a "prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted); *see also Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994) ("*Younger* abstention is not jurisdictional, but reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses") (emphasis omitted); *Schachter v. Whalen*, 581 F.2d 35, 36 n.1 (2d Cir. 1978) (per curiam) ("*Younger* abstention goes to the exercise of equity jurisdiction, not to the jurisdiction of the federal district court as such to hear the case"). The rationale behind *Younger* was set forth by the Second Circuit in *Spargo*:

> "Our Federalism" in its ideal form, as the Supreme Court explained in *Younger*, strives towards a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to

> vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. In recognition of this balance of interests, *Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction. Giving states the first opportunity . . . to correct their own mistakes when there is an ongoing state proceeding serves the vital purpose of reaffirm[ing] "the competence of the state courts" and acknowledging the dignity of states as co-equal sovereigns in our federal system.

*Spargo*, 351 F.3d at 75 (internal quotations and citations omitted).

With this doctrinal framework in mind, the Second Circuit has instructed that "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.* (emphasis added).

However, the Supreme Court recently held that *Younger* abstention does not extend to "all parallel state and federal proceedings" that meet those three conditions, even "where a party could identify a plausibly important state interest." *Sprint Commc'ns, Inc. v. Jacobs*, ––– U.S. –––, –––, 134 S. Ct. 584, 593, 187 L. Ed. 2d 505 (2013). Instead, the *Younger* doctrine applies only to three classes of parallel proceedings: (1) "pending state criminal proceeding[s];" (2) "particular state civil proceedings that are akin to criminal prosecutions;" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 134 S. Ct. at 588; *see id.* at 591 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold . . . that they define *Younger's* scope"); *see generally In re Standard & Poor's Rating Agency Litigation*, 23 F. Supp. 3d 378, 409 (S.D.N.Y. 2014).

In the present matter, the Court finds that the pending state-court action does not fall within any of the three *Younger* classes of parallel proceedings. The Court is mindful that the

9

parties both appear to agree that *Younger* abstention is appropriate, but simply disagree whether a stay or dismissal is appropriate. Significantly, however, the parties do not address the Supreme Court's recent decision which, as discussed above, limited the scope of the *Younger* abstention doctrine. In light of *Sprint* and its progeny, the Court finds that *Younger* abstention is inapplicable to the present matter. However, as discussed below and mentioned in Plaintiff's response to Defendant's motion, the Court finds that abstention under *Colorado River* is appropriate in this case.

**C.** *Colorado River* **Abstention**

The applicable test for whether abstention is appropriate was articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). *Id.* at 817 (noting that the case's abstention standard applies to "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts"); *see also Vill. of Westfield v. Welch's*, 170 F.3d 116, 125 n.5 (2d Cir. 1999) (noting that *Colorado River* applies in cases involving parallel state court proceedings where the plaintiff sought both declaratory relief and money damages); *Gov't Emps. Ins. Co. v. Five Boro Psychological Servs.*, 939 F. Supp. 2d 208, 216 (E.D.N.Y. 2013).

Pursuant to the *Colorado River* abstention doctrine, a district court may stay or dismiss a party's claims only where "(1) the relevant state and federal actions are 'concurrent' or 'parallel' and (2) evaluation of a six-factor test weighs in favor of abstention." *DDR Constr. Servs. Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). "These six factors include: (1) the assumption of jurisdiction by either court over any res or property; (2)

the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 121. The court's task in engaging in the *Colorado River* test "is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses Cone*, 460 U.S. at 25-26 (emphasis in original).

### *1. Whether the Instant Case and State Action are Parallel*

The threshold question in determining whether a federal court should abstain under *Colorado River* is whether the state court proceedings are "parallel." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*"). In determining whether two actions are parallel for purposes of *Colorado River* abstention, "a court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Hous. Works, Inc. v. City of New York*, 72 F. Supp. 2d 402, 417 (S.D.N.Y. 1999) (citing *Sheerbonnet Ltd. V. Am. Exp. Bank Ltd.*, 17 F.3d 36, 49–50 (2d Cir. 1994)). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid & Deposit Co.*, No. 00–CV–1333, 2001 WL 11060, *1 (S.D.N.Y. Jan. 3, 2001). There must, however, be "a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (citing *In re*

11

*Comverse Tech., Inc.*, No. 06–CV–1849, 2006 WL 3193709, *2 (E.D.N.Y. Nov. 2, 2006))
(emphasis in the original).

In the present matter, the Court finds that the state-court action and this case are undoubtedly parallel. There is a complete identity of parties and the ownership of the land is central to both cases.

### *2. Abstention is Warranted Under the Six-Factor Test*

To determine whether abstention under *Colorado River* is appropriate, a district court is required to weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. "[A]lthough the test for *Colorado River* abstention is no 'mechanical checklist,' the district court *must* balance the relevant factors in reaching its decision." *Vill. of Westfield*, 170 F.3d at 121 (emphasis in original) (citation omitted).

As to the first factor, the state court currently has jurisdiction over the property at issue. It is also clear that the state court exercised jurisdiction first, given that it was filed approximately two years before the federal action. As such, the first factor weighs in favor of abstention. *See King*, 2013 WL 1193678, at *5. The second factor weighs against abstention because this Court and the state court are in approximately the same geographic location. *See Stewart*, 438 F.3d at 492. The third factor weighs in favor of abstention. "The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000) (quotation and footnote omitted). If this case were to continue, this Court would be deciding some of the same issues regarding the property at issue –

namely, whether Plaintiff owned the property at issue and, therefore, whether Plaintiff's property rights were violated. It is conceivable that this Court could issue a ruling contrary to the state-court's judgment. As such, the danger of this type of inconsistent ruling with respect to real property is precisely the concern "at the heart" of the third *Colorado River* factor. *See Black Sea*, 204 F.3d at 650-51.

The fourth factor is measured by the amount of progress made in each action. *See Moses H. Cone*, 460 U.S. at 21. It is undisputed that the state-court action was filed prior to this federal action. Further, on November 27, 2013, the state court issued a decision on Defendant's motion to dismiss and Plaintiff's motion for injunctive relief. Further, the state court granted Plaintiff's motion to amend the complaint. The federal court action, on the other hand, which was commenced on May 12, 2014, has not progressed past the motion to dismiss stage. Accordingly, this factor weighs strongly in favor of abstention.

The fifth factor asks whether state or federal law supplies the rule of decision. If this case were to proceed at this time, the Court would first have to determine who rightfully owned the property at issue, clearly a state-law issue. However, assuming the Court found that Plaintiff was the rightful owner of the property, the Court would then have to determine whether Plaintiff's constitutional rights were violated by Defendant's actions. Since proceeding at this time would require application of both federal and state law, the Court finds that this factor is neutral.

As to the sixth factor, the Court finds that it favors retaining jurisdiction. Since the state-court action does not include Plaintiff's federal section 1983 claims, there is concern that the state-court action may not adequately protect Plaintiff's interests. *See Cupe v. Lantz*, 470 F. Supp. 2d 128, 133-34 (D. Conn. 2007). This concern is even more present since it is unclear whether

Plaintiff would be able to amend his state complaint to include these claims considering the advanced stage of the proceeding.

Applying the *Colorado River* factors, three weigh in favor of abstention, two weigh against abstention, and one is neutral. However, as noted above, the Court should not rest its decision whether to abstain on a mechanical application of the factors, but rather on a careful balancing of these considerations. *See Moses H. Cone*, 460 U.S. at 16. Having carefully balanced and analyzed the *Colorado River* factors, this Court concludes that abstention is appropriate in this case. Given that the state court action has progressed far beyond the federal action and is much closer to issuing its judgment as to the title to real property, abstaining would best serve the interests of federalism, comity and conservation of judicial resources. Given the concerns regarding the applicable statute of limitations and the potential loss of Plaintiff's ability to pursue his federal claims, the Court finds that staying the present matter is the appropriate course, as opposed to dismissal.

Based on the foregoing, the Court finds that abstention is appropriate and will stay this matter.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED in part and DENIED in part**;[1] and the Court further

---

[1] Defendant's motion to dismiss is granted only insofar as the Court agrees that abstention is appropriate at this time. The Court disagrees with Defendant, however, that dismissal is the

(continued...)

**ORDERS** that Defendant's motion for failure to state a claim is **DENIED without prejudice to renew**; and the Court further

**ORDERS** that Plaintiff's cross motion to amend the complaint is **DENIED without prejudice to renew**; and the Court further

**ORDERS** that this action is **STAYED** pending resolution of the state-court matter; and the Court further

**ORDERS** that Defendant's counsel shall provide the Court with a status report every **ninety (90) days** as to the progression of the state-court matter; and the Court further

**ORDERS** that the Clerk of the Court shall administratively close this case until such time as the state-court action has been resolved; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 10, 2015
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[1](...continued)
appropriate remedy as opposed to staying the present action until resolution of the state-court matter.